UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YAO YANG and ZHENG BAO FANG,<br><br>Petitioners,<br><br>v.<br><br>A. NEIL CLARK, et al.,<br><br>Respondents. | CASE NO.  C06-1023-TSZ-JPD<br><br>REPORT AND RECOMMENDATION |

I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioners Yao Yang and Zheng Bao Fang, husband and wife, are currently detained pursuant to final orders of removal at the Northwest Detention Center in Tacoma, Washington. On July 25, 2006, petitioners, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 8 U.S.C. § 2241, challenging their final orders of removal to the People's Republic of China. (Dkt. #4). Petitioners request that the Court stay any further proceedings so that they may file applications for asylum and withholding of removal. Respondents have filed a Return and Status Report and Cross-Motion to Dismiss, arguing that the Court lacks jurisdiction to hear petitioners' claims under the REAL ID Act of 2005. (Dkt. #12).

Having carefully reviewed the entire record, I recommend that petitioners' habeas

REPORT AND RECOMMENDATION
PAGE – 1

petition (Dkt. #4) be DENIED and that respondents' motion to dismiss (Dkt. #12) be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

A. Yao Yang

Petitioner Yao Yang is a native and citizen of the People's Republic of China. (Dkt. #13 at R119). He claims to have entered the United States at New York, New York, on or about November 19, 1992, using a forged Chinese passport. (Dkt. #13 at R35). On November 3, 1993, petitioner filed a form I-589 Request for Asylum with the former Immigration and Naturalization Service ("INS"). (Dkt. #13 at R27-35). During his interview at the asylum office, petitioner admitted his alienage and deportability. (Dkt. #13 at R25-6). The asylum officer determined that petitioner was not eligible for asylum and referred his case to an Immigration Judge ("IJ"). *Id.*

On June 3, 1996, the INS issued an Order to Show Cause, placing petitioner in deportation proceedings and alleging deportability for entering the United States on November 19, 1992, without inspection. (Dkt. #13 at R166). On February 12, 1997, following a merits hearing, the IJ denied petitioner's application for asylum and withholding of removal, but granted voluntary departure. (Dkt. #13 at R38, R92-102). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Dkt. #13 at R104-106). On February 27, 1998, the BIA affirmed the IJ's decision. (Dkt. #13 at R112-13). Petitioner failed to voluntarily depart the United States.

On July 9, 2002, petitioner filed a Motion to Reopen with the BIA. (Dkt. #13 at R126). The BIA denied that motion on August 23, 2002. (Dkt. #13 at R167). On June 6, 2006, petitioner was arrested in Anchorage, Alaska. Petitioner has refused to complete an application

REPORT AND RECOMMENDATION
PAGE – 2

for travel documents to China, and on June 9, 2006, petitioner was served with a Warning for Failure to Depart, notifying him of the consequences of his failure to cooperate in obtaining travel documents for his removal. (Dkt. #13 at R143). On July 25, 2006, petitioner jointly filed with his wife the instant habeas petition and an emergency motion for stay of removal. (Dkt. #4).

    B.  <u>Zheng Bao Fang</u>

Petitioner Zheng Bao Fang is a native and citizen of the People's Republic of China. On December 14, 1999, she entered the United States at Los Angeles International Airport without any travel documents. (Dkt. #13 at R73). At the airport, petitioner told immigration inspectors that she had come to the United States to look for a job, and indicated a fear of being returned to China because she would not be able to pay the $6,000 it took for her arrangements to the United States. (Dkt. #13 at R73). The inspectors determined that petitioner was inadmissable under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"), but referred her to an asylum officer for a "credible fear" interview pursuant to INA § 235(b)(1). *Id.*

At the credible fear interview on December 21, 1999, an asylum officer found that petitioner had demonstrated a credible fear of persecution. (Dkt. #13 at L21). The same day, petitioner was served with a Notice to Appear, placing petitioner in removal proceedings and charging petitioner with removability pursuant to INA § 212(a)(7)(A)(i)(I), because petitioner was not in possession of valid documents at the time of her entry. (Dkt. #13 at L26).

On January 12, 2000, petitioner appeared before an IJ, at which she requested time to obtain counsel. (Dkt. #13 at L29). On January 27, 2000, petitioner was released from custody on her own recognizance and venue was changed to New York, New York, where she was planning on staying with her brother. (Dkt #13 at L30-32).

REPORT AND RECOMMENDATION
PAGE – 3

On February 25, 2000, petitioner appeared, with counsel, and the case was scheduled for hearing. (Dkt. #13 at L48-49). On June 2, 2000, a merits hearing on petitioner's asylum application was set for November 16, 2000. (Dkt. #13 at L235). Petitioner's counsel filed additional evidence on September 15, 2000. (Dkt. #13 at L195). However, neither petitioner nor her counsel appeared for the merits hearing, and petitioner was ordered removed in absentia on November 16, 2000. (Dkt. #13 at L254).

On June 8, 2006, petitioner was arrested by the United States Immigration and Customs Enforcement ("ICE") in Anchorage, Alaska. (Dkt. #13 at R117-18). On or about July 15, 2006, petitioner, proceeding through counsel, filed a motion to reopen her removal proceedings with the New York Immigration Court which remains pending. (Dkt. #13 at L264-65). On July 25, 2006, petitioner jointly filed with her husband the instant habeas petition and an emergency motion for stay of removal. (Dkt. #4).

On July 26, 2006, the Court entered a temporary stay of removal pending adjudication of petitioners' habeas petition. (Dkt. #6). Respondents filed a statement regarding the stay of removal indicating that they do not oppose a temporary stay of removal while the habeas petition is reviewed. (Dkt. #11). On August 28, 2006, respondents filed a return and status report and motion to dismiss. (Dkt. #12). On September 12, 2006, petitioners filed a motion to assign counsel and motion for extension of time to file a response to respondents' motion to dismiss. (Dkt. #14). The Court denied petitioners' motion to assign counsel, but granted petitioners an extension of time until October 16 to file a response brief. (Dkt. #15). Petitioners did not file a response. On October 20, 2006, respondents filed a reply. (Dkt. #16). The habeas petition and motion to dismiss are ready for review.


### III. DISCUSSION

Petitioners have file a petition for writ of habeas corpus because they "want to see [an] Immigration Judge in order to file for Asylum, [and] withholding of removal." (Dkt. #4 at 1-2). Petitioners' habeas petition is a judicial challenge to their final orders of removal. Accordingly, the Court lacks subject matter jurisdiction to consider their claims.

Judicial review of a final order of removal is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005. REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act"). This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals. 8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"). This provision makes clear that this Court does not have jurisdiction to entertain petitioners' challenge to their removal orders. Accordingly, petitioners habeas corpus petition must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 2nd day of February, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5